UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILHEM LOUIS JEAN,

    Petitioner,

v.

THE ATTORNEY GENERAL OF THE
    STATE OF NEW JERSEY, et al.,

    Respondents.

Civ. No. 16-4077 (JMV)

OPINION

APPEARANCES:

Wilhelm Louis Jean, # J-2016-04113 / A# 077 027 542
Essex County Correctional Facility
354 Doremus Avenue
Newark, NJ 07105
    Petitioner, *pro se*

On or about July 5, 2016, Petitioner Wilhelm Louis Jean filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2008 New Jersey State conviction and sentence, and paid the $5 filing fee. (ECF No. 1). At this time, the Court will screen the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons set forth below, the Petition will be dismissed without prejudice.

    I.    THE PETITION

In his Petition, Petitioner asserts two grounds for relief, both premised on ineffective assistance of appellate counsel. With respect to his grounds for relief, Petitioner states the following:

> GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL BY MISHANDLING PETITIONER'S ACTUAL INNOCENCE CLAIM
>
> Petitioner is actually innocent. The trial judge made a finding that this was a case of domestic revenge where petitioner's wife and her friend orchestrated a false criminal case against appellant petitioner. Appellate counsel mishandled the claim.
>
> . . .
>
> GROUND TWO: INEFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APPEAL, WHO ALSO FILED THE ORIGINAL PCR MOTION
>
> Attorney Robert Pickett handled the direct appeal. He did not seek certification to the N.J. Supreme Court. Instead, Mr. Pickett filed the original PCR motion. When it was denied, Mr. Pickett did not appeal, causing the necessity of the 2nd PCR motion to be filed pro se.

(Pet. 6, 8, ECF No. 1).

Petitioner does not provide any further information regarding his claims in his Petition.

## II.   DICUSSION

Petitioner does not provide any supporting factual allegations in his Petition which would allow the Court to properly conduct its *sua sponte* screening. Rule 2 of the Rules Governing Section 2254 Cases ("Habeas Rules") requires that a petitioner "state the facts supporting each ground." Habeas Rule 2(c)(3). Here, in Ground One Petitioner states only that his appellate counsel "mishandled" his claim of actual innocence. Petitioner fails develop this particular claim and his conclusory allegation does not state a claim in a federal habeas action. *See Mayle v. Felix*, 545 U.S. 644, 649, 125 S. Ct. 2562, 2566, 162 L. Ed. 2d 582 (2005) ("The habeas rule instructs the petitioner to 'specify all grounds for relief available to [him]' and to 'state the facts supporting each ground.'") (quoting Habeas Rule 2(c)). Likewise, in Ground Two, Petitioner does not explain the rationale behind his claim, nor does he set forth any facts to support this claim. Accordingly, Petitioner has failed to comply with Habeas Rule 2, and the Petition will be dismissed without prejudice.

Furthermore, the Court notes that Petitioner seeks as relief a "stay of all immigration proceedings, admit to bail, and grant the writ of habeas corpus." (Pet. 16, ECF No. 1). To the extent Petitioner seeks relief related to pending immigration proceedings, such claims are not cognizable in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner may be able to raise challenges to his immigration proceedings before an immigration judge or the Board of Immigration Appeals, or he may challenge his immigration detention in the federal district court by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

III.   CONCLUSION

For the foregoing reasons, the Petition will be dismissed without prejudice. Plaintiff shall be given leave to file, within 45 days, an application to reopen accompanied by a proposed amended petition which complies with the Rules Governing Section 2254 Cases.[1]

s/ John Michael Vazquez<br>
JOHN MICHAEL VAZQUEZ<br>
United States District Judge

Dated: 08/11/16
At Newark, New Jersey

---

[1] The Court makes no finding as to the timeliness of the Petition. However, the Court is mindful of the one-year statute of limitations for filing a petition pursuant to 28 U.S.C. § 2254. Therefore, if the instant case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar *if* it was originally submitted timely. *See Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (prisoner mailbox rule).