**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| WILHEM LOUIS JEAN, | : | Civil Action No.: 16-4077 (JMV) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, *et al.*, | : | |
| Respondents. | : | |

**Vazquez, United States District Judge**

This matter comes before the Court upon Respondents' motion to dismiss the petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 15.) Petitioner filed his original habeas petition on May 1, 2016. (Pet., ECF No. 1.) The Court dismissed the petition without prejudice for failure to comply with Rule 2(c) of the Rules Governing Section 2254 Cases, and Petitioner filed an amended petition on September 22, 2016. (ECF No. 4.) On April 17, 2017, Respondents filed the instant motion to dismiss. Petitioner did not file a reply.

I.     STATUTE OF LIMITATIONS

    A.     The Parties' Arguments

Respondents submit that the habeas petition is untimely under 28 U.S.C. § 2244(d)(1). (ECF No. 15-1 at 8.) The statute of limitations for petitions under § 2254 is one-year. 28 U.S.C. § 2244(d). The one-year begins to run from the latest of four events, relevant here, the date on which the judgment became final by the conclusion of direct review or the expiration of the time

for seeking such review. (ECF No. 15-1 at 9, citing § 2244(d)(1)(A)). A state court criminal judgment is final upon the conclusion of direct review or expiration of the time to seek such review, including the ninety-day period for filing a petition for writ of *certiorari* in the United States Supreme Court. (*Id.* at 10; citing *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n. 1 (1999); U.S. Sup. Ct. R. 13.) The statute of limitations is tolled during the time "which a properly filed application for State post-conviction or other collateral review . . . is pending." (*Id.*, quoting § 2244(d)(2)).

Respondents assert Petitioner's conviction became final, and the statute of limitations began to run, on July 25, 2011. (ECF No. 15-1 at 10-11.) This date is after the expiration of the 30-day period for filing a petition for certification to the New Jersey Supreme Court as well as the 90-day period for filing a petition for *certiorari* to the United States Supreme Court. (*Id.*) The statute of limitations was then tolled on April 28, 2012, when Petitioner filed his first petition for post-conviction relief ("PCR"). (*Id.*) At this point, Respondents contend, 278 days of the of the one-year limitations period had run. (*Id.*)

The PCR petition was denied by the PCR Court on March 1, 2013. (*Id.*) Petitioner did not appeal. (*Id.*) Thus, Respondents maintain that the statute of limitations began to run again and was not tolled until Petitioner filed a second petition for post-conviction relief on June 7, 2013. (*Id.*) Another 98 days of the statute of limitations had run according to Respondents. (*Id.*) The limitations period was tolled again during Petitioner's second PCR proceedings, and time began to run again after the New Jersey Supreme Court, on April 29, 2016, denied certification on Petitioner's second PCR petition. (*Id.* at 11-12.) Another 141 days elapsed before Petitioner placed his amended habeas petition in the prisoner mailing system on September 17, 2016. (*Id.* at

12.) Therefore, Respondents assert 517 days passed before Petitioner filed his amended habeas petition. (*Id.*)

Petitioner did not file a reply, but the Court notes one of Petitioner's grounds for relief is that his trial counsel mishandled his actual innocence claim. (ECF No. 4 at 6.) Under certain circumstances, discussed below, a claim of actual innocence may overcome a statute of limitations defense.

B. Legal Standard

28 U.S.C. § 2244(d) provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

After a petitioner seeks review from the State's highest court, the judgment of conviction becomes final and the limitations period begins to run after expiration of the 90-day period for filing a petition for writ of *certiorari* to the United States Supreme Court. *Swartz*, 204 F.3d at 419.

C.  Analysis

   1.  The statute of limitations began to run on July 25, 2011

On September 4, 2008, the Superior Court of New Jersey, Law Division, Union County entered a judgment of conviction against Petitioner for aggravated sexual assault in the first degree, sexual assault in the second degree, and endangering the welfare of a child. (ECF No. 15-3 at 1.) Petitioner was sentenced to a 10-year aggregate term of imprisonment. (*Id.* at 3-4.) Petitioner timely appealed, and the Appellate Division affirmed his judgment and conviction on March 25, 2011. (ECF No. 15-4.) Petitioner did not file a petition for certification with New Jersey Supreme Court. (ECF No. 15-5, ¶8.)

Giving Petitioner the benefit of the period of time when he could have petitioned the New Jersey Supreme Court and the United States Supreme Court, the one-year habeas statute of limitations began to run when Petitioner's direct review became final on July 25, 2011.[1] *See Kapral v. United States*, 166 F.3d 565, 570 ("[I]f a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires."). Two hundred ninety-one days of the one-year habeas statute of limitations elapsed before Petitioner filed his first PCR petition.

---

[1] This Court applied Federal Rule of Civil Procedure 6 in computing the expiration of the statute of limitations. *See* Rule 12, Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.")

4

2. The statute of limitations was tolled from April 17, 2013 through June 6, 2013, and again from June 7, 2013 through April 29, 2016

Petitioner filed his first petition for post-conviction relief on May 11, 2012. (ECF No. 15-5.) The PCR Court denied the petition on March 1, 2013. (ECF No. 15-6.) Petitioner had 45 days, until April 16, 2013, in which to file a notice of appeal with the Appellate Division, but he did not do so. *See* N.J. R.A.R. 2:4-1(a). Nonetheless, this 45-day period counts toward the tolling period. *See Swartz*, 204 F.3d at 421 ("[F]or purposes of § 2244(d)(2) 'pending' includes the time for seeking discretionary review, whether or not discretionary review is sought."). The first PCR petition was no longer pending at the end of the 45-day period, April 17, 2013, and the statute of limitations began to run again.

Petitioner filed a second PCR petition on June 7, 2013, again tolling the statute of limitations. (ECF No. 15-7.) Fifty days elapsed between April 17, 2013 and June 6, 2013. The PCR Court denied Petitioner's second petition on October 25, 2013. (ECF No. 15-8.) Petitioner timely appealed on November 18, 2013. (ECF No. 15-9.) The Appellate Division affirmed the denial of Petitioner's second PCR petition on September 25, 2015. (ECF No. 15-10.) The New Jersey Supreme Court denied Petitioner's petition for certification on April 29, 2016. (ECF No. 15-11.) Thus, the statute of limitations period began to run again on April 30, 2016.

Although the Court dismissed Petitioner's original habeas petition without prejudice for failure to comply with Rule 2(c) of the Rules Governing Section 2254 Cases and administratively terminated this action (ECF Nos. 2, 3), administrative termination is not a dismissal for purposes of the statute of limitations. In other words, the case is not subject to the statute of limitations time bar if it was originally filed timely. *See Houston v. Lack*, 487 U.S. 266, (1988) (ruling that a notice of appeal was filed at the time petitioner delivered it to prison authorities for forwarding to the court clerk); *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996) (indicating that

a complaint is deemed filed when actually or constructively received by the court clerk); *see also Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) ("[D]istrict courts retain jurisdiction over administratively closed cases."). Therefore, in calculating the statute of limitations, a court uses the date Petitioner submitted his original petition to prison authorities for filing. *See Pabon v. Mahoney*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (noting that under the prisoner mailbox rule, a document is deemed filed on the date it is given to prison officials for mailing.) According to the original petition, Petitioner gave the petition to prison authorities for filing on June 27, 2016. (ECF No. 1 at 16.) Fifty days elapsed between April 30, 2016 and June 27, 2016. Therefore, a total of three hundred ninety-seven days ran before Petitioner submitted his petition for filing on June 27, 2016, and his petition is untimely.

3. Petitioner's plea of actual innocence does not overcome the habeas statute of limitations

"Actual innocence, if proved, serves as a gateway through which a petitioner may pass [if the] impediment is expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). However, "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995) ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing [of actual innocence].")

Here, Petitioner alleges he is actually innocent, but he has not offered any newly discovered evidence to support his claim. (ECF No. 4-1 at 9.) His claim rests on the trial judge's expressed disbelief in the jury's verdict, and the trial judge's belief that Petitioner's former wife orchestrated false criminal charges of out spite. (*Id.*) The Appellate Division considered the trial judge's post-trial statements on direct review. (ECF No. 15-4 at 14-19.) Petitioner, however, faults his counsel

6

for not raising the issue of actual innocence before the New Jersey Supreme Court and for filing "a half-hearted PCR Application." (*Id.* at 5.)

The trial judge's post-verdict statement that Petitioner's ex-wife was not credible is not newly discovered evidence of actual innocence. Moreover, this information was considered by the court on direct appellate review. The Appellate Division held "[the victim's] testimony and the uncontested facts about age and relationship were sufficient to sustain the charges against defendant, if the jury found her credible." (ECF No. 15-4 at 18.) "[D]efendant's statement after his arrest bolster[ed] [the victim's] allegations." (*Id.* at 19.) The record provided sufficient evidence that the verdict was not against the weight of the evidence. (*Id.*) Therefore, petitioner has not stated an actual innocence claim that overcomes the expiration of the statute of limitations.

II. CONCLUSION

For the reasons discussed above, Respondents' motion to dismiss is granted, and the amended habeas petition is dismissed as time-barred.

III. CERTIFICATE OF APPEALABILITY

This Court must determine whether Petitioner is entitled to a certificate of appealability in this matter. *See* Third Circuit Local Appellate Rule 22.2. The Court will issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Based on the discussion in this Opinion, Petitioner has not made a substantial showing of denial of a constitutional right, and this Court will not issue a certification of appealability. An appropriate Order follows.

Dated: November 14, 2017
At Newark, New Jersey

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge
